**Remigio HERNANDEZ LOPEZ,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

No. 09–70878.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 24, 2012.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Adolfo Ojeda–Casimiro, Ojeda Law, Duvall, WA, for Petitioner.

OIL, Sharon Michele Clay, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Remigio Hernandez Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

■ Hernandez Lopez testified he was threatened because he refused to testify as an eyewitness to a crime. Substantial evidence supports the agency's conclusion that Hernandez Lopez failed to establish past persecution or a fear of future persecution on account of his political opinion, political neutrality, ethnicity, or membership in a particular social group. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Ac-

cordingly, in the absence of a nexus to a protected ground, Hernandez Lopez's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir.2005).

■ Substantial evidence also supports the agency's finding that Hernandez Lopez failed to establish it is more likely than not that he would be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Santos–Lemus v. Mukasey*, 542 F.3d 738, 747–48 (9th Cir.2008). Accordingly, Hernandez Lopez's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).